**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Friddle, | No. CV-23-02414-PHX-KML (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| CoreCivic, et al., | |
| Defendants. | |

Plaintiff Danny Friddle's reply in support of his motion for preliminary injunction provides more information regarding his religious beliefs and why he believes defendants' actions to accommodate them are inadequate. (Doc. 34.) Defendants must file a surreply addressing Friddle's reply. The court notes defendants' response analyzed Friddle's claim under *Turner v. Safley*, 482 U.S. 78 (1987). In addition to any other issues defendants wish to address, defendants must address Friddle's religious exercise claim under the standard applicable to claims brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et seq.[1] Specifically, defendants must address how requiring prisoners to consume their religious meals in the dining hall is the least restrictive means of furthering the penological goal of efficient prison administration when prisoners

---

[1] The court recognizes its July 9, 2024, screening order identified First and Fourteenth Amendment claims in count five. But count five of the first amended complaint explicitly referenced RLUIPA (Doc. 8 at 12) and, in any event, plaintiff was not required to identify the legal basis for his claim in his pleadings. *See Alvarez v. Hill*, 518 F.3d 1152, 1157–1158 (9th Cir. 2008) (particularly when the plaintiff is a pro se litigant, courts must look at facts alleged in the complaint to ascertain the claims at issue; the plaintiff need not cite to any specific statutes or legal theories).

were previously permitted to consume religious meals in their cells. *See Ramirez v. Collier*, 595 U.S. 411, 427 (2022) (RLUIPA does not allow prison officials to rely on "broadly formulated interests" and officials must "demonstrate that the compelling interest test is satisfied through application of the challenged law [to] the particular claimant whose sincere exercise of religion is being substantially burdened") (quotation marks and citations omitted).

**IT IS ORDERED** no later than **February 11, 2025**, defendants shall file a surreply of no more than ten pages.

Dated this 5th day of February, 2025.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge

- 2 -