IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Friddle, | No. CV-23-02414-PHX-KML (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| CoreCivic, et al., | |
| Defendants. | |

In accordance with its continuing obligation to screen civil rights complaints brought by prisoners, the Court has reviewed Plaintiff's proposed Second Amended Complaint (Doc. 15).[1] 28 U.S.C. § 1915A(a). The Court previously dismissed Counts Six through Eleven of the First Amended Complaint (Doc. 8) without prejudice for failure to state a claim (Doc. 9 at 6-13). For the reasons explained herein, the Court will order Defendants to answer the Second Amended Complaint.

## I. DISCUSSION

In its July 9, 2024 Screening Order, the Court found that Counts Six, Seven, and Eight failed to state a claim as it was "unclear which Defendants are responsible for the

---

[1] Although the Second Amended Complaint was docketed on September 16, 2024, the certificate of service indicates that it was mailed on September 4, 2024. (Doc. 15 at 22.) Under the prison mailbox rule, a pro se prisoner's filing is deemed timely if delivered to prison authorities for mailing by the deadline. Accordingly, the Court deems September 4, 2024 the Second Amended Complaint's filing date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

food, kitchen, and commissary policies and practices Plaintiff challenges." (Doc. 9 at 9.) Similarly, the Court found that Counts Nine, Ten, and Eleven of the First Amended Complaint failed to state a claim, explaining that "to the extent Plaintiff claims his books were rejected or confiscated without notice and an opportunity to appeal, Plaintiff again fails to identify the specific Defendants responsible for these actions." (Doc. 9 at 12.) The Second Amended Complaint adds allegations indicating such responsibilities. (Doc. 15 at 11-21.)

Taken together, the Court finds that Plaintiff's allegations in Counts Six through Eleven of the Second Amended Complaint satisfy the "low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007) (noting that the "sua sponte screening process" under Section 1915A is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant[s] may choose to bring"). The Court will require Defendants to answer Counts Six through Eleven of the Second Amended Complaint as set forth below. For the reasons explained in the Court's prior Screening Order (Doc. 9), the Court will also require Defendants Thomas, Wead, Powell, Bradley, Lopez, and Newell to answer Counts One through Five of the Second Amended Complaint in their individual and official capacities.

Accordingly,

**IT IS ORDERED** that Defendants Thomas, Wead, Powell, Bradley, Lopez, and Newell must answer Counts One through Five of the Second Amended Complaint (Doc. 15) in their individual and official capacities as ordered in the prior Screening Order (Doc. 9).

**IT IS FURTHER ORDERED** that within fourteen days from the date of this Order, Defendants Thomas, Wead, Powell, Bradley, Lopez, and Newell shall file their answers or otherwise respond to the Second Amended Complaint by appropriate motion

**IT IS FURTHER ORDERED** that Defendants Wead, Powell, Lopez, Newell, CoreCivic, Trinity Services Group, Pitz, and Does 1-10 must answer Count Six of the

Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Thomas, Wead, Powell, Lopez, Newell, Pitz, Bechler, Trinity Services Group, CoreCivic, and Does 1-10 must answer Count Seven of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Wead, Powell, Lopez, Newell, Montanez, and Does 16-20 must answer Count Eight of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Wead, Robertson, Carrier, Thomas, Bradley, and Does 11-15 must answer Count Nine of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Wead, Bradley, Robertson, Carrier, and Does 11-15 must answer Count Ten of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Thomas, Bradley, Wead, Robertson, Carrier, and Does 11-15 must answer Count Eleven of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that no later than **sixty days** from the date of this Order, Plaintiff must file a notice of substitution that substitutes the actual names for the Doe Defendants. The Court may dismiss the Doe Defendants without prejudice if Plaintiff fails to timely file a notice of substitution. Service shall be completed within **forty-five days** from the date that the Doe Defendants are substituted with their actual names.

**IT IS FURTHER ORDERED** that:

1. The Clerk of Court shall send Plaintiff a service packet including the Second Amended Complaint, this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Carrier, Robertson, Trinity Services Group, Pitz, Montanez, and Bechler.

2. Plaintiff shall complete[2] and return the service packet to the Clerk of Court within

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry ("ADCRR"), Plaintiff shall list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the ADCRR unless the officer or employee works

21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Second Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to that Defendant. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

4. The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

5. The United States Marshal must notify Defendants Carrier, Robertson, Trinity Services Group, Pitz, Montanez, and Bechler of the commencement of this action and request waiver of service of the summons pursuant to Fed. R. Civ. P. 4(d). The notice to Defendants must include a copy of this Order. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Second Amended Complaint, and this Order, upon Defendants pursuant to Fed. R. Civ. P. 4(e)(2); and

(b) Within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against

---

there.

the personally served Defendant pursuant to Fed. R. Civ. P. 4(d)(2), unless otherwise ordered by the Court.

6. **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

8. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 9th day of April, 2025.

_____
Eileen S. Willett
United States Magistrate Judge