Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Carmine DiPiero, Bar No. 035255
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
dstruck@strucklove.com
rlove@strucklove.com
cdipiero@strucklove.com

*Attorneys for Defendants Bradley, Lopez, Newell, Powell, Thomas, Wead, Robertson, Carrier, Montanez, and CoreCivic, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Danny Friddle, | NO. 2:23-cv-02414-DJH-ESW |
| Plaintiff, | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| Todd Thomas, et al., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Bradley, Lopez, Newell, Powell, Thomas, Wead, Robertson, Carrier, Montanez, and CoreCivic, Inc. ("CoreCivic") (collectively, "Defendants"), move for judgment on the pleadings as to Counts One and Two of Plaintiff's Second Amended Complaint ("SAC") (Dkt. 15). These claims were filed beyond the statute of limitations and should be dismissed.[1]

**I. BACKGROUND**

Plaintiff—an inmate currently incarcerated at CoreCivic's Saguaro Correctional Center ("SCC")—initially filed his Complaint in Pinal County Superior Court on July 26, 2023, alleging numerous constitutional violations occurring during his incarceration at SCC, including the denial of Plaintiff's request to purchase and wear "tzitzit" and "tallit"

---

[1] In compliance with LRCiv 12.1(c), undersigned counsel certifies that on June 3, 2025, he spoke with Plaintiff telephonically to confer regarding the issues raised herein. The parties were unable to resolve these issues.

garments, which he contends violates the constitutional rights. (Dkt. 1-3 at 11–15, 33–35.)[2] The matter was removed to this Court on November 17, 2023. (Dkt. 1.) It was first statutorily screened on February 21, 2024, when the Court dismissed the Complaint for failing to comply with Rule 8 and the local rules. (Dkt. 7.)

Plaintiff filed his First Amended Complaint on March 19, 2024, asserting claims related to the denial of his request to possess tzitzit and tallit garments in Counts One and Two pursuant to 42 U.S.C. § 1983. (Dkt. 8.) The Court's July 9, 2024 Screening Order found that Counts One and Two stated a claim regarding the denial of tzitzit and tallit garments as violations of Plaintiff's constitutional rights. (Dkt. 9 at 3–4.) Plaintiff alleges that the garments are required by Jewish law and that the denial imposes a substantial burden on his religious practice and constitutes disparate treatment. (*Id.*; Dkt. 8 at 3–4.) The Court also found that Counts Three through Five stated a claim but dismissed Counts Six through Eleven. (Dkt. 9 at 4–6, 13.)

On September 16, 2024, Plaintiff filed his SAC without modifying Counts One or Two. (Dkt. 15.) The SAC was screened on April 10, 2025, and the Court concluded that the additional allegations in Counts Six through Eleven were sufficient to state a claim. (Dkt. 52 at 2.) the Court did not substantively address Counts One through Five, which had survived screening of the FAC and were reasserted in the SAC, but directed Defendants Thomas, Wead, Powell, Bradley, Lopez, and Newell to answer as to those Counts. (*Id.*) Defendants filed their Answer to the SAC on May 15, 2025 and preserved the statute of limitations as an affirmative defense. (Dkt. 66 at 28.)

In his original Complaint, Plaintiff specifically cited Grievance Packet No. 38-21 ("Grievance Packet") as the basis for exhausting his administrative remedies for his claims related to the denial of religious items (Dkt. 1-3 at ¶ 23), and he realleges in his FAC and SAC that he fully exhausted administrative remedies as to the denial of these items. (Dkt. 8 at 3–4; Dkt. 15 at 3–4.) The Grievance Packet is thus incorporated into the pleadings by

---

[2] These claims have been reasserted in each subsequent complaint filed by Plaintiff. (Dkt. 8 at 3–4; Dkt. 15 at 3–4.)

reference.³ The Grievance Packet refers to Plaintiff's requests for "tallit and tzitzit, Jewish religious items," the denial of which forms the basis of Plaintiff's Counts One and Two allegations. (Exhibit A, Grievance Packet No. 38-21, at 1.) Although the Grievance Packet does not indicate when Plaintiff made his requests to possess these items, it establishes that Plaintiff signed the Grievance Packet on June 23, 2021, indicating receipt of Defendant Powell's final June 15, 2021 decision denying his requests. (*Id.* at 2.)

**II.     ARGUMENT**

**A.     Legal Standard.**

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Judgment is appropriate where, accepting all allegations as true and construing them in the light most favorable to the plaintiff, there is no plausible claim for relief. *Id*. A statute of limitations defense may be resolved on the pleadings "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

**B.     Plaintiff's Counts One and Two are Barred by the Statute of Limitations.**

Claims under 42 U.S.C. § 1983 are governed by the forum state's personal injury statute of limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Arizona, that is two years. *Nickolich v. Ariz. Dep't of Corr.*, No. CV 06-2508-PHX-SMMJR, 2007 WL 283118, at *3 (D. Ariz. Jan. 30, 2007); A.R.S. § 12-542(1). While state law determines the length of the limitations period, federal law determines when civil rights claims accrue. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, a claim accrues

---

³ A court may consider the complaint, documents incorporated by reference, and matters subject to judicial notice. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."); *Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[D]ocuments not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents."). Plaintiff specifically references Grievance Packet No . 38-21, he relies on it to establish that he exhausted his administrative remedies, and it is attached to this Motion in its entirety; therefore, there should be no issue as to authenticity.

when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* Strict enforcement of the statute of limitations is required. *Allstate Life Ins. Co. v. Robert W. Baird & Co.*, 756 F. Supp. 2d 1113, 1154 (D. Ariz. 2010); *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1127 (9th Cir. 2007) (upholding dismissal of pro se plaintiff's claims that were filed three days past the statute of limitations).

Plaintiff does not include the date that his request to acquire and wear tzitzit and tallit was denied in the SAC. (*See* Dkt. 15 at 3–4, 9.) However, he does allege that he grieved the issue and exhausted all administrative remedies. (*See* Dkt. 1-3 at ¶ 23; Dkt. 15 at 3–4.) Under the Prison Litigation Reform Act, an inmate must exhaust administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a). The statute of limitations may be tolled during the exhaustion process. *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018). At the latest possible reading of the equitable tolling doctrine, the statute of limitations begins running when a plaintiff's administrative remedies are exhausted. *Id.*

Plaintiff's grievance regarding the tzitzit and tallit was resolved by Defendant Powell on June 15, 2021, and Plaintiff signed for the response on June 23, 2021—completing exhaustion on that date. (Ex. A at 2.) When viewing the statute of limitations doctrine liberally, as required for purposes of this Motion, June 23, 2021 is the latest possible accrual date for statute of limitations purposes. *See Soto*, 882 F.3d at 87. Plaintiff filed his initial Complaint in Pinal County Superior Court on July 26, 2023, more than two years and one month after his claims in Counts One and Two accrued. (Dkt. 1-3 at ¶ 23.) Plaintiff's filings present no factual basis for equitable tolling beyond June 23, 2021, nor does any basis for tolling appear in the incorporated grievance materials. These claims must be dismissed.

**C.    The Continuation Violation Doctrine Does Not Apply.**

Likewise, the continuing violation doctrine would not salvage Plaintiff's claims. Under the continuing violation doctrine, a "plaintiff may seek relief for events outside of the limitations period if a series of violations are related closely enough to constitute a continuing violation and that one or more of the acts falls within the limitations period."

4

*Kemp v. Arpaio*, No. CV1501784PHXPGRESW, 2016 WL 11184219, at *3 (D. Ariz. Nov. 16, 2016), *report and recommendation adopted*, No. CV1501784PHXPGRESW, 2017 WL 696821 (D. Ariz. Feb. 22, 2017). With respect to constitutional violations, "[t]he Supreme Court clarified that the statute of limitations runs separately from each discrete act in § 1983 actions." *Brunner v. Cnty. of Yavapai*, No. CV-23-08517-PCT-KML, 2025 WL 588241, at *4 (D. Ariz. Feb. 24, 2025) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Likewise, "a later denial pursuant to the same policy is an independently wrongful 'discrete act' that starts the statute of limitations running, notwithstanding a prior denial." *See Pouncil v. Tilton*, 704 F.3d 568, 583 (9th Cir. 2012); *see also Ngo v. Woodford*, 539 F.3d 1108, 1109–10 (holding that the continuing violation doctrine did not apply to restart the prisoner grievance limitations period when the inmate merely alleged continuing *effects* of the harmful conduct).

The Ninth Circuit "has repeatedly held that a mere continuing impact from past violations is not actionable." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (internal citation omitted). Furthermore, the Ninth Circuit has eroded the continuing violations doctrine to render it inapplicable to all but a narrow subset of claims not relevant here. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019) (holding that except for hostile work environment claims, "little remains of the continuing violations doctrine" and characterizing the plaintiff's deprivation of liberty as the continuing impact of a past violation). While recently, the Ninth Circuit in *Sheltra v. Christensen*, 124 F.4th 1195, 1202–03 (9th Cir. 2024) extended the continuing violation doctrine to administrative exhaustion as applied to Eighth Amendment failure-to-protect cases, the court did not address its application to the statute of limitations, which requires strict enforcement. *See Allstate Life Ins. Co.*, 756 F. Supp. 2d at 1154; *see also Ardds v. Kieu*, No. 2:20-CV-0133 TLN CSK P, 2025 WL 217106, at *20 (E.D. Cal. Jan. 16, 2025)*, report and recommendation adopted,* No. 2:20-CV-0133-TLN-CSK, 2025 WL 776525 (E.D. Cal. Mar. 11, 2025) (refusing to extend *Sheltra*); *Wane v. Korkor*, No. 1:22-CV-00813-JLT-BAM

5

(PC), 2025 WL 776405, at *7 (E.D. Cal. Mar. 11, 2025), *report and recommendation adopted*, No. 1:22-CV-0813 JLT BAM, 2025 WL 959515 (E.D. Cal. Mar. 31, 2025) (same).

Here, Plaintiff has not alleged that he made a separate, discrete request to possess tzitzit and tallit garments after June 2021 that was again denied. Nor did he include the date of denial in his SAC. Rather, he alleges a continuing impact of the prior denial, which does not toll or restart the statute of limitations. Thus, even construing the facts favorably to Plaintiff, in reviewing the Grievance Packet (Ex. A), Plaintiff's claims were fully exhausted well over two years before he initially filed his lawsuit. Counts One and Two are statutorily time-barred and should be dismissed with prejudice.

### III. CONCLUSION

The SAC, together with documents incorporated into the pleadings by reference, establishes that Counts One and Two are time-barred. Plaintiff's exhaustion of Counts One and Two was completed on June 23, 2021. He did not file suit until July 26, 2023, exceeding the two-year statute of limitations for Section 1983 claims. Accordingly, the Court should grant Defendants' Motion and dismiss Counts One and Two with prejudice.

DATED this 15th day of July 2025.

STRUCK LOVE ACEDO, PLC

By */s/ Carmine DiPiero*
Daniel P. Struck
Rachel Love
Carmine DiPiero
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants Bradley, Lopez, Newell, Powell, Thomas, Wead, Robertson, Carrier, Montanez, and CoreCivic, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

N/A

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Danny Friddle #A6008921
Saguaro Correctional Center
1250 East Arica Road
Eloy, AZ 85131
*Plaintiff Pro Se*

*/s/ Kim Penny*