FILED ✓    LODGED ___
RECEIVED ___    COPY ___

SEP 0 2 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

1  Danny Friddle #A6008921
2  Saguaro Correctional Center
   1252 East Arica Road
3  Eloy, Arizona  85131

4  Plaintiff Pro Se

5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF ARIZONA**

8  Danny Friddle,                    NO. CV-23-02414-PHX-KM L--ESW

9                      Plaintiff,

10           v.                      **MOTION TO STAY PROCEEDINGS**

11                                   **(First Request)**

12  Todd Thomas, et al.,

13                      Defendants.

14

15

16       Plaintiff Pro Se, Danny Friddle, requests this honorable Court grant Plaintiff a

17  stay of proceedings.  This request is based on Fed. Rules Civ Proc Rule 6(b), Local

18  Rules of Civil Procedure 7.3, and/or Local Rules of Civil Procedure 29.1, and the

19  facts given below.

20                          **I. FACTS**

21    1.  Beginning in or about February 2025, Plaintiff began having issues with nerve

22  pain radiating into his right (dominant)  hand.

23    2.  Plaintiff had no prior medical issues relating to or impacting the use of his right

24  hand.

25    3.  Between February and April of 2025, the issue continued to worsen,

26  particularly impacting Plaintiff's ability to write, and significantly impacting Plaintiff's

27  ability to prepare handwritten filings.

28    4.  While the issue with Plaintiff's right hand was having a significant impact on

1    Plaintiff's ability hand write documents, the impact on Plaintiff's ability to type

2    documents was only, initially, minimally impacted.

3        5.  On April 22, 2025, Plaintiff submitted a Medical Request to be seen in Medical

4    due to the issue with his hand.

5        6.  Plaintiff was seen on or about April 24, 2025 regarding the issue with his right

6    hand.

7        7.  Plaintiff has a small cyst located on his forearm, which has been present for

8    several years, which was originally thought to be the potential cause of the issue with

9    Plaintiff's right hand.  Plaintiff was specifically told by the facility doctor, Dr. Nale,

10   that it was just "a cyst" and not to worry about it.

11       8.  Following Plaintiff being seen in Medical, the issue with his right hand

12   continued to worsen.

13       9.  Plaintiff, due to the worsening conditions with his right hand, submitted twice

14   more to be seen in Medical, most recently pursuant to a July 31, 2025 Medical

15   Request, seen for "sick call" on August 2, 2025 and again by Dr. Nale on August 16,

16   2025 (See Exhibit 1, 7/31/25 Medical Request).

17       10. Pursuant to those medical examinations, Plaintiff was referred for a consult

18   with a neurologist, with a tentative diagnosis of carpal tunnel syndrome.

19       11. Plaintiff has additionally been informed that IF the issue is carpal tunnel

20   syndrome, Plaintiff's continued efforts, particularly at the pace demanded between

21   Plaintiff's two cases before this Court (Case Nos. CV-23-01072-PHX-KM L--ESW

22   and CV-23-01072-PHX-KM L--ESW), to try to meet filings deadlines may result in

23   permanent damage (Plaintiff is seeking documentation, from a reliable medical

24   source, to confirm this and will supplement as quickly as such can be obtained).

25       12. The issue with Plaintiff's right hand has currently progressed to have

26   significant impact on Plaintiff's ability to type documents, not just hand write them.

27   (Plaintiff's time in the law library on August 18, 2025, wherein Plaintiff typed a total

28   of approximately 15 total pages, left Plaintiff with significant pain in his right hand,

1    and left him without the ability to hand write more than a sentence or two, lasting for
2    at least 5 days, and, after 7 days, Plaintiff can only type as many as two pages without
3    a significant break (being at least 15-20 minutes), and has already, after typing a total
4    of less than 7 pages (less than half of what was produced a week prior),  exacerbated
5    the issue beyond where it had progressed at the conclusion of his law library time a
6    week ago, causing significant pain, and motor control issues which is both effecting
7    Plaintiff's typing speed and causing repeated typing mistakes, the extent of which
8    would cause significant issue with preparing documents on a typewriter verses a
9    computer, and would completely preclude Plaintiff from preparing any handwritten
10   filings).
11       13. It is unlikely, based on Plaintiff's other outstanding off site medical
12   consults/referrals/appointments, that Plaintiff will be seen on the issue of his hand for
13   at least six months.
14       14. The law library at Saguaro Correctional Center does not provide (beyond the
15   provision of a computer or typewriter) typing services or paralegal services, nor does
16   it allow, provide, or facilitate inmate-to-inmate assistance (pursuant to posted rules
17   within the law library and a February 6, 2025 memo, signed by D. Prososki) posted
18   beside the law library door) for the preparation of legal documents and/or filings for
19   inmates housed under the Hawai'i contract, therefore Plaintiff's issues impacting his
20   right hand have a critical impact on Plaintiff's ability to prepare and timely file his
21   legal documents.
22       15. Plaintiff has made every good faith effort to maintain and keep his filing
23   deadlines, but those pursuits have only further exacerbated the issues with Plaintiff's
24   right hand.
25       16. Plaintiff has, increasingly, been unable to meet filing deadlines for his pending
26   cases before this Court, and has had to file multiple extensions, not all of which have
27   been granted (of significant impact, *Plaintiff's Motion For Extension Of Discovery*
28   *Deadline (Fourth Request)*, filed in Case No. CV-23-02414-PHX-KM L--ESW, which

1  cited, as partial cause, the issue impacting Plaintiff's right hand and its impact on his

2  ability to prepare documents, which was rejected as a basis because of Plaintiff's

3  PAST ability to hand write documents – the issue with Plaintiff's hand is progressive,

4  and has worsened at an increasingly rapid rate in correlation with Plaintiff's efforts to

5  meet deadlines for this Court).

6      17. Under the current circumstances, Plaintiff will be required to dedicate more of

7  his time in preparing motions for extension of time, and less of his time to preparing

8  materials meeting filing deadlines.

9      18. Plaintiff believes that the issue has currently reached the point where, due to

10  the deteriorating condition and increasingly limited use of his dominant hand, his

11  ability to keep pace with the necessary extension requests now significantly impacts

12  his ability to complete legal filings, and that it will soon, if it has not already reached

13  such point, be that Plaintiff is unable to keep pace with filing extensions, much less

14  preparing other necessary filings.

15      19. Plaintiff is not seeking an indefinite stay of the proceedings, a stay until he can

16  obtain diagnosis and treatment for his hand issue, nor is he seeking to delay the

17  proceedings unnecessarily, but Plaintiff seeks a stay for the following purpose or

18  combination of purposes:

19          a.  To allow for Plaintiff to secure means of preparing his documents, or

20              having his documents prepared, in a manner that will allow Plaintiff to meet

21              filing deadlines, through either:

22              1.  To allow for Plaintiff to file for and/or be granted appointment of

23                  counsel (Plaintiff is aware of the denial of such appointments within the

24                  Ninth Circuit (there are such appointments in other Circuits), however,

25                  those rulings have been in cases where Plaintiffs were demonstrably still

26                  able, through whatever means, to meet filing deadlines without apparent

27                  issue, wherein Plaintiff has not.  Furthermore, such appointment would,

28                  likely, still require that Plaintiff communicate information, in significant

4

1    part, through typed or handwritten correspondence, and may not be the best

2    solution);

3       2.  the allowance for and assignment of inmate-to-inmate assistance; and/or

4       3.  access to/use of a computer having speech recognition/speech-to-text

5    software.

6      b.  To allow Plaintiff to focus his limited ability to complete documents, due to

7    the issue with his hand, on completing the necessary filings for this case, as

8    they currently stand, rather than Plaintiff being required to prepare and file

9    multiple individual extensions for each filing, which both takes up Plaintiff's

10    available time and limited ability to prepare documents, while exacerbating

11    Plaintiff's medical issue with his hand, further reducing his use of it.

12    20. For the reasons above in ¶19, Plaintiff is limiting his request to a stay of 30

13    days, with the possibility of extending such stay based on a showing of continued

14    need at the end of the 30 days with evidence of continued diligent pursuit.

15    21. The interest of justice is best served by a fair hearing on the merits of this case,

16    rather than allowing Defendants to overwhelm Plaintiff and his ability to produce

17    legal documents/filings due to circumstances beyond Plaintiff's control, namely the

18    development of an unforeseen, and unforeseeable, medical issue.

19    22. At critical issue in this case is Plaintiff's ability to identify "Doe Defendants"

20    and serve the remaining Defendants in this case, which require Plaintiff to prepare a

21    number of additional motions for this Court, due in large part to a lack of any

22    response from Defendant Trinity Services Group and lack of a clear address with

23    which to serve additional filings to them.

24    23. With the deadlines in Plaintiff's other case before this Court ( Case No. CV-23-

25    01072-PHX-KM L--ESW), and the necessity of filings in this case combined with the

26    increasingly limited use of Plaintiff's hand, Plaintiff will be unable to otherwise meet

27    scheduling deadlines, and stay Plaintiff is requesting is the only way available to

28    Plaintiff to resolve the manner at this time.

## II. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court stay all proceedings in this case for 30 days.

DATED this 25th day of August, 2025

By _____

Danny Friddle  #A6008921

Saguaro Correctional Center

1252 East Arica Road

Eloy, Arizona  85131

*Plaintiff Pro Se*

# EXHIBIT 1

7/31/25 Medical Request

## Sick Call Request

**Part A:** (To be completed by inmate/resident patient)

Name (Print): Danny Friddle                     Date: 7/31/25

Number: A600 3921                               Date of Birth: 10/23/77

Work Assignment: Faith Pod, Computers, Law Library (NO MONDAY Appointments

Work Hours: Mon-Fri 0830-1500 Housing Assignment: MC 25

Reason for requesting Health Services Appointment **(BE SPECIFIC):** RE: Issues w/R-Hand.
Diclofenac I am taking for my back is/was masking symptoms
in hand. Pain went from 0 ● to 3+. Need to re-evaluate before
restarting Diclofenac, needed to manage back pain. Pain increases w/use and

How long have you had this problem? Developing/worsening 6-8 mo directly correlates to
                                                              motor control issues —
Inmate/Resident Patient Signature: _Danny Friddle_           writing, grip strength,
                                                              dropping things, etc.

**⬇ DO NOT WRITE BELOW THIS LINE ⬇**   Rru 8/1/25  DF

**Part B:** (To be completed by Health Services Staff)

Health Services Reply: Pt Seen in NSC.
Pt placed on Provider line for appointment.

Health Services Signature: _DF_

Date: 8/2/25

---

**White Copy: To Medical Records**          **Yellow Copy: To Inmate/Resident Patient**

7/17/15

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025 I served the attached document by certified mail on the following:

Rachel Love

Daniel P. Struck

Carmen DiPiero

STRUCK LOVE ACEDO

3100 West Ray Road, Suite 300

Chandler, Arizona 85226

*Attorneys for Defendants Corecivic,*
*Todd Thomas, Shawn Wead,*
*Deborah Powell, Jody Bradley,*
*Norman Carrier, Mark Lopez, Ruth*
*Newell, Carla Robertson, and*
*Juan Montanez*

Danny Friddle
*Plaintiff Pro Se*

1
2
3
4
5
6                 **UNITED STATES DISTRICT COURT**
7                   **DISTRICT OF ARIZONA**
8   Danny Friddle,             NO. CV-23-02414-PHX-KM L--ESW
9                  Plaintiff,
10                         **PROPOSED ORDER GRANTING**
11         v.                    **MOTION TO STAY PROCEEDINGS**
12                         **(First Request)**
13   Todd Thomas, et al.,
14                  Defendants.
15
16
17       Upon review of Plaintiff's *Motion To Stay Proceedings (First Request)*, and
18 good cause appearing,
19       **IT IS HEREBY ORDERED** granting Plaintiff's *Motion To Stay Proceedings*
20 *(First Request)*.
21
22
23
24
25
26
27
28