**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Friddle, | No. CV-23-02414-PHX-KML (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| CoreCivic, et al., | |
| Defendants. | |

Plaintiff Danny Friddle seeks reconsideration of the order denying his request for an injunction and denying his request to amend his complaint to identify the Doe defendants. (Doc. 153.) The court rejected Friddle's request for an injunction because he had not shown any active interference with his ability to litigate this case. Friddle's motion for reconsideration still does not present convincing evidence of such interference, so reconsideration is denied on that issue.

Friddle also does not present a sufficient basis to reconsider the denial of his untimely request to amend his complaint to identify the Doe defendants. According to Friddle, he waited to file his motion to amend because he believed the case had been stayed. (Doc. 153 at 3-4.) But a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Friddle did not make this stay-misapprehension argument in his motion to amend (Doc. 128), nor in his reply (Doc. 141), so reconsideration based on this new argument is not

appropriate. In addition, between Friddle's October 29, 2025 deadline to seek amendment and the filing of the motion to amend on January 30, 2026, Friddle filed many other documents and motions (Doc. 115, 119, 120, 122), demonstrating he had ample time, access to resources, and awareness to seek amendment earlier but failed to do so.

**IT IS ORDERED** the Motion for Reconsideration (Doc. 153) is **DENIED**.

Dated this 29th day of April, 2026.

_Krissa M. Lanham_

**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -